Penelopi Spudeas, Appellee, v. National Life and Accident Insurance Company, Appellant.

## Gen. No. 38,753.

Opinion filed December 30, 1936.

Donahue & Hubka, of Chicago, for appellant; Frank E. Donahue and Vernon E. Hubka, of counsel.

Milton H. & Edward W. Weiss, of Chicago, for appellee; Edward W. Weiss, of counsel.

Mr. Justice Friend delivered the opinion of the court.

National Life & Accident Insurance Company, Inc., defendant herein, appeals from a judgment of the municipal court for $500, entered pursuant to a directed verdict in favor of plaintiff as beneficiary under the terms of a policy insuring the life of her deceased husband, Louis Spudeas.

The policy was issued July 31, 1933, on application of deceased, without medical examination. Assured

died July 20, 1934. Defense to the action was based on the ill health of insured at the time of the receipt of the policy, previous pulmonary diseases, rejections by other insurance companies and misrepresentations in the application for insurance. The policy provided for a weekly premium of 68 cents, and for payment of $500 in the event of death. It also contained accident and disability provisions.

Trial was had by jury. To sustain her claim plaintiff offered in evidence the original policy of insurance, and there being no question as to payment of premiums or the receipt of proper death claims she thereupon rested her case. A tender of the premiums paid was made by defendant and rejected by plaintiff. When defendant began to produce testimony in support of its affidavit of merits, plaintiff's counsel moved to exclude all of defendant's evidence and for a directed verdict. The court granted the motion, only one witness for defendant having been heard. Before the motion was made and granted, defendant offered to prove, in substance, that assured had been confined in bed with pleurisy and anemia for a period of 12 weeks three months prior to receiving the policy; that this was the diagnosis of assured's own physician who attended him during that period; that he received disability benefits during the time he was confined in bed from an employees' sick fund; that immediately prior to his death assured had been admitted to the Cook County Hospital, where he gave a case history of pneumonia in the year 1929, of pleurisy in 1933; that he had been spitting blood for a year and a month prior to his admission, and that Dr. Gugler, a physician, would testify that assured was in fact suffering from tuberculosis at the time the policy was issued; that proof would be made by deposition that an application for a life insurance policy to assured was rejected by the Prudential Life Insurance Company in May, 1933. The court excluded defend-

ant's offer of proof and directed a verdict upon the theory that he regarded the policy as an assessment life insurance policy, and the failure to attach the application to the policy under section 16 of the Assessment Life Insurance Act of July 14, 1927 (par. 432 (16), sec. 16, subsec. 3, ch. 73, Illinois State Bar Stats. 1935; Jones Ill. Stats. Ann. 66.458) rendered the policy incontestable from the date of its issuance. Section 16 of that act provides that "if the application therefor be not attached to and made a part of any contract, or referred to and made a part of the contract as aforesaid in any weekly premium payment contract, the contract shall be incontestable from date of issue."

The principal question thus presented for determination is whether or not this policy comes within the assessment life insurance statute. We think it does not for the following reasons: In par. 411, sec. 7, ch. 73, Illinois State Bar Stats. 1935; Jones Ill. Stats. Ann. 66.420, assessment companies are defined as follows:

"Any corporation organized to insure lives which provides for the payment of policy claims, the accumulation of reserve or emergency funds and the expense of the management and prosecution of the business by payments to be made either at periods named in the contract or upon assessment as required, by persons holding similar contracts, *and wherein the insured's liability to contribute to the payment of policy claims accrued or to accrue is not limited to a fixed sum* shall be deemed to be engaged in the business of life insurance upon the assessment plan, and shall be subject only to the provisions of this Act; . . ." The policy in question in this case provides for the payment of a fixed sum as a premium.

Par. 432 (2), ch. 73, Illinois State Bar Stats. 1935; Jones Ill. Stats. Ann. 66.443, designates the companies

to which the assessment life insurance company act shall apply, as follows:

"This act shall apply to: (a) *companies organized hereunder; . . .*" There is no showing that defendant company was organized under the assessment plan.

Par. 341, sec. 18, ch. 73, Illinois State Bar Stats. 1935; Jones Ill. Stats. Ann. 66.339, being part of the act regulating the business of life insurance, contains the following provision:

". . . but policies of life, or endowment insurance or annuity policies which contain provisions operating, in the event that the insured or annuitant shall become totally and permanently disabled from any cause, to safeguard the insurance or annuity against lapse or to grant a special surrender value or an annuity payable for a limited period or during the life of the insured, or which contain provisions granting insurance against death by accident, shall nevertheless be deemed to be policies of life or endowment insurance or annuity policies within the intent of this section."

It is clear, therefore, that inasmuch as there was no showing that defendant had been organized under the Assessment Act, that its policy provided for a fixed premium and was not on an assessment basis, that section 16 of the Assessment Act is not applicable to defendant company. Holding as we do that this was a stock insurance company policy and not one coming within the statute governing life and accident assessment companies, it follows that the failure to attach the application to the policy was not fatal to defendant's case, and that the policy was contestable for a period of two years under the provisions of the policy, regardless of whether the application was attached or not. The court should have allowed defendant to submit proof in support of its affidavit of merits. To

direct a verdict without allowing defendant to introduce its defense constituted error.

It is urged on behalf of defendant that the motion for a directed verdict amounted to an abandonment of the issues of fact under the pleadings, and that the issues thereafter were confined entirely to the question of law as to whether or not defendant came within the statute governing life and accident assessment companies. We think, however, justice would be better served if defendant were allowed to interpose its defense and the issues submitted either to the court or to a jury. The cause is therefore reversed and remanded for a new trial.

*Reversed and remanded.*

John J. Sullivan, P. J., and Scanlan, J., concur.